<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH CARUSO, | Civil Action No. 13-5837 (JAP) |
| Plaintiff, | |
| v. | OPINION |
| GARY M. LANIGAN, et al., | |
| Defendants. | |

**APPEARANCES**:

> Jeffrey Michael Patti
> Patti & Patti, Esqs.
> 225 Woodport Road
> Sparta, NJ 07871
> Attorney for Plaintiff
>
> Alex Joseph Zowin
> State of New Jersey
> Office of the Attorney General
> Hughes Justice Complex
> 25 Market Street
> Trenton, NJ 08611
> Attorney for Defendant Gary M. Lanigan

**PISANO, District Judge**:

This matter comes before the Court upon a motion (ECF No. 6) by Defendant Gary M. Lanigan to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed opposition to the motion. The Court decides the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant the motion to dismiss the Complaint against Gary M. Lanigan.

## I. BACKGROUND

Plaintiff filed his Complaint (ECF No. 1) on or about September 30, 2013 against Gary M. Lanigan, Charles Albino, Charles Warren, Jermaine Carter, John Doe 1-10, and Jane Roe 1-10. The following facts are taken from Plaintiff's Complaint. Plaintiff alleges that on September 28, 2013 he was "violently assaulted" in the full-minimum B-Wing bathroom by Defendant Carter, another inmate at Southern State Correctional Facility. Compl. ¶ 17-19. Plaintiff states that Defendant Carter threw a bowl of hot water at Plaintiff, hitting his face and body to cause "severe and permanent" injuries including scarring, second and third degree burns, and "severe emotional trauma." Id. ¶ 19. Plaintiff alleges that Defendants John Doe 1-10 and/or Jane Roe 1-10 had left their posts as corrections officers unattended, allowing Defendant Carter the opportunity to attack Plaintiff. Id. ¶ 21. Plaintiff further alleges that Defendants John Doe 1-10 and Jane Roe 1-10 did not properly classify Defendant Carter, placing him with non-violent offenders, and that the improper classification led to Plaintiff's assault and injury. Id. ¶ 22-23.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* See also *Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

Therefore, when reviewing the sufficiency of a complaint, a district court must use a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Lastly, the court should assume the veracity of any well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680).

### III.   DISCUSSION

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  In order to establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted).  "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation omitted).

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights."  *Fears v. Beard*, No. 12-4564, 2013 WL 3834399, at *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)).  "[L]iability cannot be predicated solely on the operation of *respondeat superior*.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).  Allegations of personal direction or of actual knowledge and acquiescence to show personal involvement by an individual defendant "must be made with appropriate particularity."  *Rode*, 845 F.2d at 1207.

Here, Plaintiff has not alleged any specific facts as against Defendant Lanigan.  Plaintiff fails to show personal involvement by Defendant Lanigan related to any claims as asserted in the

complaint.   Plaintiff has failed to make any allegations "with appropriate particularity" concerning this defendant sufficient to give rise to a plausible claim under § 1983.   As there are no specific factual allegations asserted against Defendant Lanigan, the Complaint will be dismissed without prejudice as against this Defendant.

Finally, because this Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Lanigan pursuant to 28 U.S.C. § 1367(c)(3).

## IV.   CONCLUSION

For the foregoing reasons, Defendant Lanigan's motion to dismiss is granted.   An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

DATED: May 9, 2014