UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH CARUSO, | Civil Action No. 13-5837 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| GARY M. LANIGAN, et al., | AND ORDER |
| Defendants. | |

I. **INTRODUCTION**

This matter having been opened to the Court by Defendants' motion to dismiss Plaintiff's Amended Complaint (ECF No. 20) and Plaintiff's cross-motion to amend his Complaint to add Defendants S. Thompson and R. Turner. (ECF No. 26.) For the reasons explained below, the Court denies without prejudice Plaintiff's cross-motion to amend as premature in light of counsel's certification submitted on Plaintiff's behalf. The Court will not strike the entire Amended Complaint, which has been answered by Defendant Warren, but will strike the names of S. Thompson and R. Turner from the Amended Complaint. The Court dismisses Defendants' motion to dismiss the Amended Complaint as to S Thompson and R. Turner as moot in light of the Court's denial of Plaintiff's motion to amend.

II. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who is represented by counsel, initially filed his Complaint on September 30, 2013. (ECF No. 1.) Plaintiff sued Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"), Charles Albino, Administrator at Southern State

1

Correctional Facility ("SSCF"), and Charles Warren, Administrator at SSCF, alleging Eighth Amendment violations under Section 1983 and state-law claims under New Jersey's Tort Claims Act ("NJTCA") arising out of the State Defendants' alleged failure to protect Plaintiff from an attack by a fellow inmate, Defendant Jermaine Carter, who threw boiling water at Plaintiff. (*See Id.*)  The Complaint included a state law claim for assault against Defendant Carter. (*Id.* at 8.) Finally, the Complaint also named as Defendants "John Doe 1-10, individually and officially as Corrections Officers for the State of New Jersey Department of Corrections, Jane Roe 1-10, individually and officially as Supervisory Corrections Officers for the New Jersey Department of Corrections." (*Id.*)

Summons issued, but the Complaint was served only on Defendant Lanigan, and he filed a motion to dismiss on December 30, 2013 (ECF No. 6), which was granted by the Honorable Joel A. Pisano, U.S.D.J. (retired) on May 9, 2014.[1] (ECF No. 7.)  A notice of call for dismissal was issued on November 12, 2014 (ECF No. 9), which was withdrawn on November 19, 2015, after Plaintiff's attorney submitted an affidavit on November 18, 2014 requesting an extension of time to serve Defendants. (No. 10.)  The Magistrate Judge granted the extension and gave Plaintiff until January 9, 2015 to effectuate service. (*Id.* at 11.)

On November 25, 2014, Plaintiff's attorney filed an Amended Complaint on the docket that identifies two of the John Does as Defendants S. Thompson and R. Turner.[2] (*See* ECF No. 13.)  On December 3, 2014, Plaintiff's attorney filed another Amended Complaint on the docket (ECF No. 14).  Like the Amended Complaint filed on November 25, 2014, the Amended

---

[1] On March 10, 2015, the case was transferred to the undersigned. (ECF No. 22).
[2] On the same date, Plaintiff's counsel filed proof of service as to Defendant Albino, which apparently occurred on February 14, 2014. (ECF No. 12.)  Plaintiff has since stipulated to the dismissal of Defendant Albino. (ECF No. 18.)

Complaint filed on December 3, 2014 identifies two of the John Does as S. Thompson and R. Turner and attributes conduct to Defendants Thompson and Turner that was previously attributed only to unidentified John Doe Defendants.  (ECF Nos. 1, 13, 14.)  The December 3, 2014 Amended Complaint also corrects the date of the alleged incident.  The prior Complaints list the date of the incident as "on or around September 28, 2013" (ECF Nos. 1, 13), and the December 3, 2014 Amended Complaint lists the date of the alleged incident as September 28, 2011. [3]  (ECF No. 14.)  Unless otherwise noted, the Court refers to the December 3, 2014 Amended Complaint (ECF No. 14) as the operative Amended Complaint.  Plaintiff did not seek leave to amend his Complaint, and there is no indication on the docket that Plaintiff received written consent from his adversary to amend.[4]

Plaintiff alleges that Defendant Thompson, along with other John Does, was a correctional officer assigned to Plaintiff's unit and left his post "completely unattended" at the time Defendant Carter attacked Plaintiff with the boiling water:

> 19. At the time of the assault and the moments preceding, Defendants S. Thompson and/or John Doe 1-10 left their posts completely unattended allowing Defendant Carter the opportunity to walk across the main floor of the unit in front of Defendants' Corrections Officers' post and boil the bowl of water in the common microwave oven and then to transport it across the same floor past the CO's desk into the bathroom where he threw the same about Plaintiff's body.

(Am. Compl. at ¶ 19.)  Plaintiff further alleges that "by leaving the unit/floor completely unattended . . . Defendants S. Thompson and/or John Doe 1-10 failed to protect Plaintiff from a

---

[3] *See* ECF No. 27-1, Certification of Jeffrey M. Patti, Esq. ("Patti Cert"), at ¶ 17 n. 1.  Plaintiff's counsel explains that the later-filed Amended Complaint corrected the year of the assault after the mistake was pointed out by defense counsel. (ECF No. 14.)

[4] Plaintiff's counsel's certification states that he spoke to an unidentified defense counsel and, to the best of Plaintiff's counsel's recollection, told that defense counsel that he planned to file an Amended Complaint to name S. Thompson and R. Turner. (Patti Cert, at ¶ 16.)

violent attack at the hands of an inmate with a known history of violence thereby disregarding an excessive risk to his health and safety in violation of his constitutional rights." (*Id.*) [5]

The Amended Complaint alleges that Defendant Turner, among other supervisors, "was responsible for the oversight, training, and supervision of Corrections staff at Southern State Correctional Facility, including Defendant Thomson." (Am. Compl. at ¶ 6.)  Plaintiff's amended Complaint further alleges that "this problem had occurred on numerous previous occasions," and that Defendants Turner, Warren, and Jane Doe 1-10 "failed to take appropriate remedial measures" and failed to train and supervise their employees.  (Am. Compl. at ¶ 27.)  The Amended Complaint also alleges that Defendants Turner, Jane Roe 1-10, Albino, and Warren "created and/or permitted a policy, practice, or custom under which unconstitutional practices occurred."  (*Id.* at ¶¶ 27-28.)

Prior to the January 9, 2015 deadline for service set by the Magistrate Judge, Defendants Warren, Turner, and Thompson waived service of the Amended Complaint (ECF No. 16). Defendant Warren filed an answer to the Amended Complaint on February 9, 2015.  (ECF No. 19).  On February 10, 2015, Turner and Thompson then filed a motion to dismiss the Amended Complaint, claiming that (1) the Amended Complaint was improperly filed without written consent of Defendant or leave of Court, (2) the statute of limitations had run, (3) and that Plaintiff cannot take advantage of New Jersey's fictitious defendant rule because he failed to exercise diligence in identifying Defendants Thompson and Turner.  (ECF No. 20.)

---

[5] Plaintiff's Amended Complaint further alleges that all Defendants were "also negligent in allowing inmate access to the microwave oven and negligently allowing the conditions to exist to permit the assault on Plaintiff."  (Am. Compl. at ¶ 34.)

On April 2, 2015, Plaintiff's attorney filed both (1) a response to Defendants' motion to dismiss (ECF No. 27) and (2) a cross-motion to amend the Complaint in an apparent attempt to cure the improper filing of the Amended Complaint. (ECF No. 26.) Plaintiff's attorney did not attach a copy of the proposed Amended Complaint to his cross-motion to amend, but did attach a certification in support of his motion to amend, including exhibits.[6] (*Id.*) Defendants thereafter filed their reply to their motion to dismiss and their response to Plaintiff's cross-motion to amend. (ECF No. 29.)

### III.   DISCUSSION

The Court will first address Plaintiff's retroactive cross-motion to amend because it may moot Defendants' motion to dismiss. *See e.g., Profoot, Inc. v. MSD Consumer Care, Inc.*, No. CIV. 11-7079, 2012 WL 1231984, at *1 (D.N.J. Apr. 12, 2012).   The Court begins by noting that Plaintiff filed the Amended Complaint improperly without seeking written consent of his adversaries or leave of court.[7] Pursuant to Fed. R. Civ. P. 15(a), as amended in 2009, "[a] party may amend its pleading once as a matter of course within: (A) twenty-one days after serving it or, (B) if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading <u>or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise, a party may amend its pleading only with the</u>

---

[6] The exhibits are discussed in the analysis section of this Opinion.

[7] Plaintiff's counsel did not attach a copy of his proposed Amended Complaint to his cross-motion to amend as required by L. Civ. R. 7.1(f) (Upon filing a motion for leave to file an amended complaint or answer . . . , the moving party shall attach to the motion a copy of the proposed pleading or amendments).   Plaintiff's attorney also filed a separate response to Defendants' motion to dismiss, which appears to be identical to the cross-motion to amend. *See* L. Civ. R. 7.1(h) (A cross motion related to the subject matter of the original motion may be filed by the party opposing the motion <u>together with that parties' opposition</u> . . . as long as the opposition papers are timely filed) (emphasis added).

opposing party's written consent or the court's leave. *See id.* (emphasis added).  Here, Defendant Lanigan filed a motion to dismiss the Complaint on December 30, 2013.  As such, Plaintiff had 21 days from the filing of that motion to amend his Complaint as a matter of course.  After that date, he was required to seek written consent or leave of court in order to amend.   He filed the Amended Complaint on the docket on December 3, 2014, well outside the 21-day period.

Rule 15(a), however, does not automatically preclude the Court from accepting an amended complaint, where a Plaintiff has retroactively sought to amend his or her complaint and otherwise meets the requirements for amendment under Fed. R. Civ. P. 15.  *See, e.g., Beale v. Dept. of Justice*, Civ. A. No. 06–2186, 2007 WL 327465, at *3 (D.N.J. Jan. 30, 2007) (allowing the plaintiff retroactive leave to amend even though his second amended complaint was filed without consent of the defendant or leave of the Court); *Deeley v. Genesis Healthcare Corp.*, No. CIV.A. 10-1242, 2010 WL 3239352, at *2 (E.D. Pa. Aug. 16, 2010) (finding that plaintiff's second amended complaint was improperly filed because he failed to obtain the consent of defendants or leave of this Court as required under Rule 15(a) but granting belated motion to amend complaint); *see also Lehman v. Diamond Dev. Co.*, Civ. A. No. 10–cv–0197, 2010 WL 2265876, at *2 (M.D. Pa. June 2, 2010) (striking Plaintiff's second amended complaint and directing Plaintiff to obtain necessary leave before refiling); *Thomas v. Ne. Educ. Intermediate Unit 19*, Civ. A. No. 3:06–CV–1902, 2008 WL 314373, at *4 (M.D. Pa. Feb.1, 2008) (allowing the plaintiff leave to amend and in effect re-file after striking the plaintiff's second amended complaint for failure to follow Rule 15(a)).

The issue here is whether Plaintiff's Amended Complaint naming Defendants Thompson and Turner relates back to the original Complaint under Fed. R. Civ. P. 15(c).  Plaintiff filed his

original Complaint on September 30, 2013 and that Complaint lists the date of the incident as "on or around September 28, 2013." (ECF No. 1.) Plaintiff's Amended Complaint, however, corrects the year of the incident, and lists it as occurring "on or around September 28, 2011," *i.e.*, approximately two years earlier than the date listed in the original Complaint. Thus, the Amended Complaint was filed well outside the applicable two-year statute of limitations.[8] *See* N.J.S.A. § 2A:14–2 (New Jersey statute of limitations of 2 years for "actions for injury to persons by wrongful action"); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (state statute of limitations for personal injury actions applies to all Section 1983 claims). Thus, Plaintiff's Amended Complaint, naming Defendants' Thompson and Turner, is proper only if it relates back to the original Complaint.[9] *See* Fed. R. Civ. P. 15(c)(1).

Pursuant to Rule 15(c)(1)(A), an amended complaint relates back to the filing of the original complaint if relation back is allowed under the law that provides the applicable statute of limitations, in this case, New Jersey law. *See* Fed. R. Civ. P. 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when: the law that provides the applicable statute of limitations allows relation back[.]"). New Jersey law provides the statute of limitations for this action. As such, New Jersey law also determines whether the Second Amended Complaint relates back to the filing date of the Complaint. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x. 272, 276 (3d Cir. 2004).

Under New Jersey law, a plaintiff may avail himself of the so-called fictitious party rule if a defendant's true identity is "unknown" at the time of filing. N.J. Ct. R. 4:26–4; *Mears v.*

---

[8] This is true whether the filing date of the Amended Complaint is November 25, 2014 or December 3, 2014.

[9] The Court notes that Defendants, in their motion to dismiss, do not argue that the original Complaint was untimely. Instead, Defendants state that "Plaintiff filed his amended complaint on the last possible day of the two-year statute of limitations." (ECF No. 20-1.)

*Sandoz Pharm., Inc.*, 300 N.J. Super. 622, 631–32 (App. Div. 1997).  Rule 4:26–4 provides in relevant part that "if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." *Id.*  Rule 4:26-4 further provides that "Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained."  *Id.*

Based on the certification attached to his cross-motion to amend, Plaintiff's counsel appears to have obtained the names of S. Thompson and R. Turner through a handwritten disciplinary report, which is dated September 29, 2011.  (Patti Cert, at Ex. I.)  The disciplinary report appears to have been written by Defendant Thompson, who is listed as the "reporting employee" and provides the following "description of [the] alleged infraction":

> On 9.28.11 at approx.. 8:15 in M.I.L.  A[n] inmate came to me and told me that a white guy on BWing got hot water thrown on him and that the guy in [illegible] did it.  I then inspected I/M Caruso, J.  It was determined that I/M Caruso had a wet spot on his shirt above his shoulder. I/M Caruso had physical evidence that he was involved in an altercation.  I then notified Sgt. Turner via telephone.  Sgt. Turner then reported to the unit and escorted I/M Caruso . . . off the unit with custodial staff.

(*Id.*)

Plaintiff's counsel acknowledges that Plaintiff has had the disciplinary report in his possession at least since the filing of the Complaint on September 30, 2013, but states that Plaintiff's "counsel determined that the information contained [in the disciplinary report] was too vague with regard to which specific corrections officer was on duty. The report only identifies S. Thopson [sic] as the 'reporting employee' who then in turn reported the incident to Sgt. Turner." (Patti Cert., at ¶ 19 (alteration in original).)  Plaintiff's counsel offers no explanation in his certification for why he then decided to file an Amended Complaint in late 2014 naming these

8

two Defendants after he had already determined that the report was too vague to support specific allegations against Defendants Thompson and Turner. Instead, Plaintiff's counsel's certification states only that "[o]ne can assume upon information and belief that these two correctional officers were directly responsible for the oversight and control of the relevant housing unit."[10] (*Id.* at ¶ 20.)

Plaintiff's counsel cannot have it both ways. If the Court accepts Plaintiff's counsel's statement that he believed that the information contained in the disciplinary report was too vague to identify Thompson and Turner as correctional officers who played a role in causing Plaintiff's injuries, Plaintiff's counsel must point to <u>new or additional information</u> that would permit Plaintiff to identify Defendants Thompson and/or Turner in his Amended Complaint as the John Does that played a role in causing his injuries. The Court notes that although the disciplinary report identifies Thompson and Turner by name, it does not shed any light on whether Thompson or Turner engaged in the conduct attributed to them in the Amended Complaint. The disciplinary report merely indicates that an inmate reported the incident to Defendant Thompson, and Defendant Thompson investigated the incident and reported it to Defendant Turner, who escorted Plaintiff out of the unit. (*See* Ex. I to Patti Cert.)

In contrast, the allegations against Defendant Thompson in the Amended Complaint identify Thompson as one of John Doe officers who allegedly left his post "completely unattended" and thus enabled Defendant Carter to heat the boiling water unobserved and throw the boiled water at Plaintiff. (Am. Compl. at ¶ 19.) The Amended Complaint alleges that Defendant Turner "was responsible for the oversight, training, and supervision of Corrections

---

[10] Plaintiff's counsel's Certification attached to his cross motion to amend also documents his attempts to serve the identified Defendants and explains that without an answering defendant, no discovery has been conducted in the case. (Patti Cert., at ¶¶ 3-15.)

9

staff at Southern State Correctional Facility, including Defendant Thompson" (Am Compl. at ¶ 6) and "failed to take appropriate remedial measures" and/or "train and supervise their employees" and/or implement policies in light of prior similar problems. (Am. Compl. at ¶¶ 27-28.)

The Court finds that Plaintiff's counsel has not sufficiently explained (1) how he came to identify Defendants Thompson as one of the John Doe correctional officers who abandoned his post and (2) how he came to identify Defendant Turner as one of the John Does supervisors who failed to train, supervise and/or implement policies in light of prior similar problems.  As such, the Court denies Plaintiff's motion to amend as premature in light of his counsel's certification. The Court makes no findings at this time as to whether Plaintiff's counsel will meet his other obligations under the fictitious party rule should discovery commence and reveal that Thompson, Turner, or any other as-yet-unidentified individual played a role in causing Plaintiff's injuries.[11] Rather than strike the entire Amended Complaint, to which Defendant Warren has filed an Answer, the Court will strike the names of S. Thompson and R. Turner from the Amended Complaint and instruct the Clerk to terminate these Defendants from the docket.  Defendants' motion to dismiss is denied as moot in light of the Court's denial of Plaintiff's cross-motion to amend.

**IT IS** on this 29th day of September, 2015,

**ORDERED** that Plaintiff's cross-motion to amend to add S. Thompson and R. Turner is **DENIED WITHOUT PREJUDICE**; and it is further

---

[11] Whether a Plaintiff may avail himself of N.J.R. 4:26–4 typically turns on three factors: (1) whether plaintiff exercised due diligence in identifying the proposed defendants; (2) whether the lapse of time has prejudiced the proposed defendants; and (3) whether plaintiff acted with due diligence in substituting the proposed defendants once they were identified.  *See Padilla*, 110 Fed. Appx. at 277.

**ORDERED** that the Court hereby strikes S Thompson and R. Turner from the Amended Complaint and directs the Court to terminate these parties from docket; and it is further

**ORDERED** that Defendants' motion to dismiss the Complaint against Defendant S. Thompson and R. Turner is dismissed as **MOOT** in light of the Court's denial of Plaintiff's motion to amend.

                                                                                                __/s/ Freda L. Wolfson_____
                                                                                                 Freda L. Wolfson
                                                                                                 United States District Judge